IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
United States of America,    )
                             )
            Plaintiff,       )  Case No. 1:02-CR-45(3)
                             )            1:04-CV-205
     vs.                     )
                             )
Tecumseh G. Hatfield,        )
                             )
            Defendant.       )
```

Memorandum and Order

This matter is before the Court upon Tecumseh Hatfield's motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence on the ground that defense counsel was ineffective at sentencing for failing to object to the inclusion in Mr. Hatfield's criminal history score of two points relating to a conviction obtained in an Indiana state court in violation of his right to counsel.  Because the factual predicate for Mr. Hatfield's motion is false, his motion to vacate his sentence in Case 1:02-CR-45 is not well-taken.

Defendant Hatfield entered a guilty plea to bank robbery and aiding and abetting bank robbery in this Court and, in October 2002, was sentenced to 57 months in prison.  The applicable Sentencing Guideline range was 57 to 71 months based upon a total offense level of 24 and a criminal history category of II.  The criminal history category was determined by a

criminal history score of three points, two of which were assessed for an August 2002 conviction in Franklin Circuit Court in Indiana for the misdemeanor offense of providing alcohol to a minor. Mr. Hatfield entered a plea of guilty to that offense and was sentenced on the same date. He was not represented by counsel and claims that he had not been advised that he was entitled to counsel and did not knowingly and intelligently waive his right to counsel. On that basis, he argues that the conviction was unconstitutional and that his counsel in this matter was ineffective in failing to object to its inclusion in his criminal history. He observes that his criminal history score without that conviction would have been one point, placing him in criminal history category I. The applicable sentencing range would have been 51 to 63 months. He argues, therefore, that his counsel's ineffectiveness likely affected the sentence he received and that, in accordance with the standards enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and its progeny, he is entitled to the relief he now seeks.

  Both parties have submitted evidence in the form of transcripts of the August 2002 proceedings in Franklin Circuit Court. The transcript introduced by the United States is more complete, but the two are identical to the extent that they overlap. The evidence demonstrates that Tecumseh Hatfield was advised of his constitutional rights, including his right to the

representation of counsel, before he entered his guilty plea to the misdemeanor charge.  The judge advised him, along with the other persons charged with misdemeanors who were before the court for initial hearings, as follows regarding that right:

> And you have the right to counsel.  If you cannot afford counsel, the Court will appoint counsel to you assuming that you meet certain criteria for appointment.

Later in the proceedings, the judge asked Mr. Hatfield individually whether he had been present when he was advised of his rights.  Mr. Hatfield affirmed that he had been present, had understood the rights, and had no questions about them.  Immediately thereafter, he indicated that he wished to enter a guilty plea to the charge.  The judge then asked whether Mr. Hatfield understood that by pleading guilty he was permanently giving up the rights of which the judge had advised him.  Mr. Hatfield indicated that he understood.  The judge asked specifically whether Mr. Hatfield understood that he was giving up the right to counsel.  Mr. Hatfield indicated again that he understood.  Later in the colloquy, the Defendant paused to consider whether to plead not guilty and try to obtain representation.  He opted to proceed, however, and entered a guilty plea and was sentenced immediately thereafter.  Nothing about the circumstances or the colloquy between Mr. Hatfield and the court suggests a lack of understanding or that Mr. Hatfield

did not act knowingly and intelligently in choosing to proceed without counsel.

Claims of ineffective assistance of counsel are reviewed under a two-part test. See United States v. Davis, 306 F.3d 398, 422 (6th Cir. 2002), cert. denied, 537 U.S. 1208 (2003). In order to succeed, a defendant must establish (1) that his lawyer's performance was deficient compared to an objective standard of reasonable performance and (2) that there is a reasonable probability that his lawyer's errors prejudiced the outcome of the proceedings against him. See Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)(citing Strickland, 466 U.S. at 687-88). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." Davis, 306 F.3d at 422 (citing Arredondo, 178 F.3d at 782).

A conviction obtained without benefit of counsel is properly included in the calculation of criminal history when the defendant has knowingly and intelligently waived the right. See, e.g., United States v. Morrow, 177 F.3d 272, 305-06 (5th Cir.), cert. denied, 528 U.S. 932 (1999). "[R]epresentation, or lack thereof, that would otherwise constitute a constitutional violation may be excused when a defendant knowingly and intelligently waives his Sixth Amendment right to counsel." Makidon v. Elo, No. 00-1685, 3 Fed. Appx. 409, 412 (6th Cir.)(citing United States v. Nichols, 979 F.2d 402, 407 (6th

4

Cir. 1992), aff'd 511 U.S. 738 (1994)), cert. denied, 533 U.S. 958 (2001).  An attorney's performance cannot be considered ineffective on the basis of his or her failure to assert an unfounded objection at sentencing because the asserted failure could not have prejudiced the outcome.  See Ratliff v. United States, 999 F.2d 1023, 1026 (6th Cir. 1993)(deficient performance must have prejudiced the outcome in order to serve as basis for relief).

       Because the evidence in this matter is unequivocal as regards Defendant Hatfield's knowing and intelligent waiver of his right to counsel at the August 2002 preliminary hearing that resulted in the conviction and the consequent two criminal history points in this matter, he cannot establish that his counsel in this matter was ineffective in failing to object to the inclusion of those two points.  Counsel's failure did not prejudice the outcome because an objection would have been unfounded.  Mr. Hatfield's argument, without evidentiary support, that he does not remember the colloquy that is set forth in the transcript of the August 2002 proceedings does not overcome the evidence that he was present, that he understood his rights, and that he chose to proceed without counsel in spite of that

5

understanding. His motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence is hereby **DENIED**.[1]

**IT IS THEREFORE ORDERED THAT**

(1) Defendant Hatfield motion to vacate his sentence is DENIED.

(2) A certificate of appealability will not issue with respect to Defendant Hatfield's claim for relief because he has failed to make a substantial showing of the denial of a federal constitutional right remediable in this proceeding. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

(3) The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith and, therefore, denies any application by Defendant Hatfield to proceed *in forma pauperis* on appeal. See Fed. R. App. P. 24(a); Kincade

---

[1] Mr. Hatfield's motion to amend (Doc. 94) is also **DENIED**. The issues pertaining to the continued applicability of the Sentencing Guidelines that are raised in that motion have since been resolved by the Supreme Court in United States v. Booker, __ U.S. __, 125 S. Ct. 738, 767 (2005), in which the Court held that the district courts must consult the Sentencing Guidelines and take them into account when imposing sentence. Accordingly, Mr. Hatfield's suggestion that the Court should not have included the two criminal history points arising from the Indiana conviction because they had the effect of increasing his sentence on the basis of uncharged conduct is not well-taken.

v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner remains free to apply to proceed *in forma pauperis* in the Court of Appeals. See id.

                                            /s/
                        Sandra S. Beckwith, Chief Judge
                        United States District Court